WILLIAM H. HILL *vs.* SAMUEL RAYMOND.

No action can be sustained for necessaries furnished to a brother of the defendant upon the following oral promise by the defendant: "For any necessaries of life you may furnish him, I will see you paid;" if it appears that the plaintiff held the person responsible to whom the articles were furnished, and presented a bill therefor to him.

CONTRACT to recover for board and clothing furnished and services rendered to William Raymond, a brother of the defendant, and money paid for medical attendance upon him.

At the trial in the superior court, the plaintiff offered evidence tending to prove that William, whose habits were dissipated, came to board with him in June 1857, and, two or three weeks afterwards, the defendant said to the plaintiff, in the presence of William: "I don't want my brother to go ragged or hungry; for any necessaries of life you may furnish him, I will see you paid;" and that he, relying upon this promise, continued to furnish him with such necessaries until the following September. It further appeared that the plaintiff held William responsible for the bill, and after it had accrued presented it to him and took from him an order on the defendant, which the latter refused to accept. The plaintiff, however, testified that he did not receive the order in payment of his bill against William. Upon this evidence, *Morton*, J. ruled that the promise of the defendant was within the statute of frauds, and that the action could not be maintained. A verdict was accordingly returned for the defendant; and the plaintiff alleged exceptions.

*A. V. Lynde*, for the plaintiff.

*J. Q. A. Griffin*, for the defendant, was not called upon.

BY THE COURT. There was no evidence to show that there was any original promise by the defendant to pay the debt claimed in this action. By the testimony introduced by the plaintiff, it appeared that he held the person liable to whom the articles were furnished, and had presented a bill therefor to him. The defendant's promise was clearly collateral, and within the statute of frauds. *Exceptions overruled.*